Allen, J.
 

 The relator claims that Pask was ineligible to be a candidate in the election of November 8, 1932, because of the fact that Section 3, Article X, of the Constitution of Ohio, provides that “no person shall be eligible to the office of Sheriff, or County-Treasurer, for more than four years, in any period of sis years.” With this contention we are in accord.
 

 The following are standard definitions of the word “eligibility”:
 

 Black: “Capable of being chosen;” “competency to hold the office if chosen.”
 

 Bouvier and Anderson: “This term relates to the capacity of holding as well as that of being elected to an office.”
 

 Abbott: “The term eligible to office relates to the capacity of holding, as well as the capacity of being elected.”
 

 10 Am. & Eng. Enc. Law (2d Ed.), 970: “Capable of being chosen,” “implying competency to hold the office if chosen.”
 

 Webster: “That may be selected;” “legally qualified to be elected and to hold office. ’ ’
 

 As stated by Judge Shauck, in
 
 State, ex rel. Attorney General,
 
 v.
 
 Heffner,
 
 59 Ohio St., 368, at page 400, 52 N. E., 785: “By its terms the test of eligibility relates to continuance in, or occupancy of, office.”
 

 The Century Dictionary defines “ineligible” as “legally, or otherwise disqualified;” “not eligible to a specified office.”
 

 The adjudicated definition of the word “ineligible,”
 
 *636
 
 when applied to holding public office, is stated in
 
 State, ex rel. Schuet,
 
 v.
 
 Murray,
 
 28 Wis., 96, 99, 9 Am. Rep., 489, where the court holds: “The term ‘ineligible’ means as well disqualification to hold an office, as disqualification to be elected to an office.”
 

 Since the law does not contemplate an election to a part of a term, the eligibility of the person for the specific office is determined by the question whether or not he is qualified to hold that particular office for the whole of the term.
 

 When Pask announced his candidacy to be voted for at the election of 1932, he knew that he could not lawfully serve out the term that he was seeking. He was neither eligible for the term nor eligible to be elected to the office.
 

 This being the case, was Carl J. Haff, who received the next highest number of votes cast for sheriff of Sandusky county at the election of November, 1932, elected? We must answer this question in the negative. This court has heretofore held that a man who has in fact received a smaller number of votes than his opponent is not elected merely by reason of the ineligibility of the successful candidate.
 
 Renner
 
 v.
 
 Bennett,
 
 21 Ohio St., 431;
 
 State, ex rel. Sheets, Atty. Genl.,
 
 v.
 
 Speidel,
 
 62 Ohio St., 156, 56 N. E., 871;
 
 Prentiss
 
 v.
 
 Dittmer,
 
 93 Ohio St., 314, 112 N. E., 1021, L. R. A., 1917B, 191.
 

 The eighth paragraph of the syllabus in the
 
 Renner case
 
 reads as follows: “Where the contestee, in an election contest between opposing candidates, is adjudged not to have been legally elected, on the ground that a majority of the legal votes
 
 rejected
 
 at the election were votes for the contestor, and exceeded the majority of votes
 
 cast
 
 for the contestee, the court will not adjudge the contestor elected to the office, for the reason that the contestor had not a majority of the votes
 
 cast at the
 
 election. In such case neither party is legally elected.’'’
 

 
 *637
 
 In the
 
 Prentiss case,
 
 this court held that the fact that the election of the candidate receiving the highest number of votes was invalidated did not invest the contestor with a majority of the legal votes cast. This holding is decisive against the contention of Mr. Haff.
 

 We next consider whether Arthur E. Klotz, who was appointed by the county commissioners regularly during a vacancy in the elective office of sheriff, and who duly qualified, is entitled to retain the office. It is contended on behalf of Haff that under Section 2828, General Code, Klotz was appointed to hold the office only during the unexpired term, namely until January 1, 1933.
 

 Section 2828, General Code, in its material portions, reads as follows: “When the office of sheriff becomes vacant, the county commissioners shall appoint a suitable person to fill the vacancy. The person so appointed shall give bond, take the oath of office prescribed for the sheriff, and hold the office during the unexpired term * *
 

 However, Klotz relies upon Section 10, General Code, which reads as follows: “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected' and qualified * *
 

 This same situation has been under consideration by this court before, in the case of
 
 State, ex rel. Crawford,
 
 v.
 
 McGregor,
 
 44 Ohio St., 628, 10 N. E., 66, and in the case of
 
 State, ex rel. Sheets, Atty Genl.,
 
 v.
 
 Speidel, supra.
 
 In
 
 State, ex rel. Crawford,
 
 v.
 
 McGregor,
 
 it was specifically held that, as to an appointment to fill a vacancy in the office of sheriff, Section 1208, Bevised Statutes, governed, and not Section 11, Bevised Statutes. Section 1208 is the predecessor of Section 2828, General Code, and Section 11 is the predecessor of Section 10, General Code. Since the
 
 McGregor case
 
 held that the special provision of Section 1208, Bevised Statutes (Section 2828, General Code), applied to a
 
 *638
 
 vacancy in the office of sheriff, instead of the more general provision of Section 11, Revised Statutes, there is a decision of this court squarely holding that, upon appointment to the office of sheriff, the appointee is to hold for the unexpired term only. The reasoning of
 
 State, ex rel. Crawford,
 
 v.
 
 McGregor,
 
 is that the provisions of Section 1208, Revised Statutes (Section 2828, General Code), should be read as an exception to the general provisions of Section 11, Revised Statutes (Section 10, General Code). The same reasoning applies to the statutes in their present form.
 

 However, in
 
 State, ex rel. Sheets, Attorney General,
 
 v.
 
 Speidel, supra,
 
 the provisions of Section 11, Revised Statutes, were read into and grafted on Section 1208, Revised Statutes. The second paragraph of the syllabus of that holding is as follows: “When one who is holding the office of sheriff, and is a candidate for election to succeed himself, dies before entering upon the new term, a vacancy is thereby created in the term in which he was serving, but not in the term for which he was a candidate and upon which he had not entered; and one who is duly appointed and qualified to fill the vacancy thus created will hold the office for and during the unexpired term of his predecessor, and until his successor is elected and qualified; and such election must be had at the first proper election that is held more than thirty days after the occurrence of the vacancy.”
 

 In the opinion Davis, J., says: “Walker was, it is conceded, duly appointed, commissioned, qualified and inducted into the office of sheriff of Clermont county, for the unexpired term of Buvinger. This much was done under and by virtue of Section 1208 of the Revised Statutes; but Section 11 of the Revised Statutes, read into his commission the words: ‘Until his successor is elected and qualified.’ ”
 

 Minshall, J., who wrote the decision in the case of
 
 State, ex rel. Crawford,
 
 v.
 
 McGregor, supra,
 
 dissented
 
 *639
 
 from the decision in the
 
 Speidel case, supra.
 
 The
 
 Speidel case
 
 does not mention the
 
 McGregor case,
 
 and yet the two holdings cannot be reconciled.
 

 We see no difference in principle between cases of vacancy arising ont of death or resignation.
 

 The
 
 McGregor case, supra,
 
 is not cited in any later decisions upon the precise question which is stated in the second paragraph of the syllabus of the
 
 Speidel case, supra,
 
 and while it is mentioned with general approval in
 
 Caldwell
 
 v.
 
 Village of Carthage,
 
 49 Ohio St., 334, 31 N. E., 602, and in
 
 City of Cincinnati
 
 v.
 
 Holmes, Admr.,
 
 56 Ohio St., 104, 46 N. E., 514, upon the proposition that a special legislative enactment will control over a general provision dealing with the same subject, these two cases are not at all in point upon the facts with the problem presented here. In
 
 State, ex rel. Baumgarten,
 
 v.
 
 Hillenbrand,
 
 97 Ohio St., 329, 120 N. E., 879, no opinion was written and hence it is impossible to determine what was the exact question presented.
 

 On the other hand, the
 
 Speidel case, supra,
 
 is cited with approval on the precise point presented here in
 
 State, ex rel. Hoyt,
 
 v.
 
 Metcalfe,
 
 80 Ohio St., 244, at page 268, 88 N. E., 738.
 

 In
 
 State, ex rel. Spaulding,
 
 v.
 
 Baldwin,
 
 101 Ohio St., 65, at page 69, 127 N. E., 871, it is also pointed out that, in the
 
 Speidel case,
 
 “Walker, the first appointee, was permitted to retain title by virtue of Section 11, Revised Statutes (now Section 10, General Code), which authorized an
 
 appointee
 
 incumbent to hold the office until his successor was ‘elected.’ ”
 

 This rule laid down in the
 
 Speidel case
 
 is stated to be the majority rule in 74 A. L. R., 486, which cites a large number of decisions from various state courts of last resort to the effect that, “in a majority of jurisdictions, the rule obtains that the death or disability of an officer-elect before qualifying does not create a vacancy in the office which may be filled by the ap
 
 *640
 
 pointing power, since he never occupied the office, and that under the provision that an incumbent shall hold his office until his successor is elected and qualified the prior incumbent is entitled to continue in the office until the election and qualification of his successor.”
 

 As stated heretofore, it is impossible to reconcile the two holdings in the
 
 Speidel case
 
 and the
 
 McGregor case.
 
 Each applied to a vacancy in the term of sheriff, and in each the question was whether Section 1208, Revised Statutes, prevailed over Section 11, Revised Statutes. The
 
 Speidel case
 
 read Section 11 with Section 1208, and in effect ingrafted the latter section upon the former.
 

 The briefs and record in the
 
 Speidel case
 
 show that precisely the same question was raised in the
 
 Speidel case
 
 as in the
 
 McGregor case.
 
 It was urged on behalf of Walker, whose contention prevailed in the
 
 Speidel case,
 
 that Section 1208, Revised Statutes, must be read together with Section 8, Revised Statutes, which provides that any person holding an office or a public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the Constitution or laws. It was pointed out in that case that there was no provision in the Constitution or laws limiting the continuance in office of the appointed incumbent, and that as a matter of fact Section 11, Revised Statutes, specifically authorized Walker to hold over and continue in office until his successor was elected and qualified. It was urged that Section 11, Revised Statutes, did not contravene the provision of Section 1208, Revised Statutes, as to the holding over of the term, and that Section 1208, construed with Section 11, not only entitled the appointee to fill “the unexpired term and place of the decedent official,” but further authorized him to hold over and continue in such office “until his successor was elected and qualified.” The judgment of the court was in accord with these contentions.
 

 
 *641
 
 A consideration of these briefs and the record strengthens onr conviction that the
 
 Speidel case
 
 was clearly counter to and overruled the decision in the
 
 McGregor case, supra,
 
 and hence for the sake of clarity in the law, we now expressly overrule paragraph 1 of the syllabus in
 
 State, ex rel. Crawford,
 
 v.
 
 McGregor,
 
 44 Ohio St., 628, 10 N. E., 66. We hold that when a vacancy is created in the term of sheriff, by his resignation during such term, one duly appointed and qualified to fill the vacancy thus created will hold the office for and during the unexpired term of his predecessor and until his successor is elected and qualified.
 

 Writ demed.
 

 Weygandt, O. J., Day, Stephenson, Jones and Matthias, JJ., concur.