Matthias, J.
 

 The facts essential to a consideration of the question of law presented may be concisely stated. The names of Fred J. Heffner and Harry Klies were on the ballot as candidates for justice of the peace at the November 1933 election. Although there were two such positions open, the only notice the electors had was to the effect that one justice of the peace was to be elected; the notice or proclamation of election contained no information on the subject; and on the ballot, printed immediately above the names of the candidates, were the words, “Vote for not more than one.” The count' disclosed that 529 votes had been cast at that election; and that Harry Klies had received 349 votes, Heffner 80, and John Elson, whose name had been written in the blank space on the ballot, 24 votes. No voter had voted for more than one candidate. A certificate of election was issued to Heffner as well as to Klies, and, pursuant thereto, a commission; and thereafter Heffner gave bond and assumed the office.
 

 The primary question presented is whether, under these facts, Heffner was elected justice of the peace. The only information and instruction given to the voters was that but one person was to be elected justice of the peace, and that they should “Vote for not more than one.” It is disclosed that such instruction was followed, for a less number of votes was cast for the office of justice of the peace than the number of electors participating in the election, and the record does not show that any ballot was marked for two persons for the office of justice of the peace. The conclusion is irresistible that but one of the candidates was elected.
 

 Though such question has not previously been pre
 
 *15
 
 sented to this court, a similar situation was involved in the case of
 
 Wood
 
 v.
 
 Bartling, Mayor,
 
 16 Kan., 109, where it was held that “only one justice is elected at such election, although more than one candidate may have received votes for the office.” In the course of the opinion it is stated: “In the present case the
 

 electors chose to elect only one justice of the peace, and a vast majority of them voted against the plaintiff and for other candidates. The candidate elected received nearly twice as many votes as the plaintiff. In our opinion there was no election for a second justice of the peace.” The reasoning in the case of
 
 Foster
 
 v.
 
 Scarff,
 
 15 Ohio St., 532, is pertinent. In that case a sheriff, in his proclamation of election, failed to include in the enumeration of the offices to he filled the office of Probate Judge. Less than one-fourth of the whole number of voters voting at that election cast their votes for a single candidate, as a consequence of which the court held such attempted election to be irregular and invalid.
 

 It is urged that an action in
 
 quo warranto
 
 does not lie; that the remedy available is that provided by the statute for the contest of election. It is quite obvious that those statutory provisions have no application in this situation. An election contest, under the statute, is. to ascertain and decide which candidate received the highest number of legal votes.
 
 Howard
 
 v.
 
 Shields,
 
 16 Ohio St., 184;
 
 Prentiss
 
 v.
 
 Dittmer,
 
 93 Ohio St., 314, 112 N. E., 1021, L. R. A. 1917B, 191.
 

 Under the provisions of Section 4785-171, General Code, in a contest of election proceeding, “upon completion of the trial the court shall pronounce judgment as to which of such candidates was duly nominated or elected, or whether such issue was duly approved or rejected by the voters.”
 
 Quo warranto
 
 would not lie in such a situation. Where the remedy under the statutory provisions for the contest of election is available, an action in
 
 quo warranto
 
 cannot be maintained. That is the effect of the pronouncement of this court in
 
 State, ex rel. Grisell,
 
 v.
 
 Marlow,
 
 15
 
 *16
 
 Ohio St., 114; for that case involved only the determination of the question of which of two contestants had received a majority of the votes cast. The syllabus in that case states the law with reference to the facts upon which it is predicated.
 
 B. & O. Rd. Co.
 
 v.
 
 Baillie,
 
 112 Ohio St., 567, 148 N. E., 233.
 

 In the instant case no question is presented of fraud or irregularity in voting, in the counting or tabulation of the ballots, or in the computation of the result. There is no issue as to the number of votes cast for each candidate and no controversy as to who had received the greatest number of votes. No candidate is making a contest or is interested in or affected by the maintenance of such proceeding. There is no issue and no challenge as to the election of Klies. In this situation, there could have been absolutely nothing to submit or determine in a proceeding in contest of election under the statute.
 

 This action was instituted by the prosecuting attorney. His authority is not challenged; it is conferred by Section 12305, General Code. On the morning this case came on for hearing before the Court of Appeals the prosecuting attorney was absent from the state. The court was apprised of that fact and of the request of the prosecuting attorney that a Mr. Giffen be appointed as special prosecutor. He was accordingly appointed and immediately filed a reply to the answer of the respondent, and acted in the presentation of the case. The objection to such procedure is unfounded. The action, having been properly instituted, could be prosecuted by any member of the bar appointed by the court pursuant to Section 12308, General Code. We approve the action of the Court of Appeals in awarding a judgment of ouster, and that judgment is accordingly affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Day and Zimmerman, JJ., concur.