Myers, J.
 

 The question for determination is whether relator or respondent is. entitled to the office of County Engineer of Adams county. The relator, as the incumbent- of the office prior to January 4, 1937, claims the right to hold over and to continue in the office until a successor is legally elected and qualified. The respondent maintains that he has full right to continue in the office by virtue of having received the higher number of votes at the November election in 1936, his subsequent certification by the Board of Elections to the Secretary of State as the successful candidate, the receiving of his commission from the Governor, his qualification by giving bond and taking the oath of office, his entering upon the duties of the office of the 4th day of January, 1937, and his serving therein ever since.
 

 The statute concerned in this matter is Section 2783, General Code, which reads in part as follows:
 
 “* * *
 
 In all counties no person shall be eligible as a candidate for the office of county engineer or be elected or appointed thereto, except a registered professional engineer and registered surveyor licensed to practice
 
 *550
 
 in the state of Ohio, or a person who shall have previously served as county engineer immediately prior to his election.” This statute became effective in its present form February 3, 1936. In 1935 the title of the office was changed from “county surveyor” to “county engineer.”
 

 Although both were candidates, neither the relator nor the respondent was legally elected County Engineer of Adams county at the November election in 1936. The respondent received the higher number of votes but he was ineligible for election, not only by reason of not being- a licensed engineer but also by reason of not having “served as county engineer immediately prior to his election.” The fact that he had served as county surveyor from 1929 to 1933 did not qualify him as a candidate under the statute. Therefore, he was not legally elected and had no more right to the office than any other citizen in Adams county. The relator, although not a licensed engineer, was eligible to be a candidate for the reason that he “previously served as county engineer immediately prior to ’ ’ the election. But the relator was not elected in November, 1936, for the reason that when a candidate receiving the highest number of votes is ineligible to election, the candidate receiving the next higher number of votes for the same office is not elected.
 
 State, ex rel. Haff,
 
 v.
 
 Pask,
 
 126 Ohio St., 633, 186 N. E., 809.
 

 The respondent, not having been elected, was not in a position to qualify. While it was the duty of the board of elections to certify the returns to the Secretary of State, such action could not bestow a title to the office where right thereto did not exist. “A certificate of election is-not conclusive and does not carry with it any permanent right to the office in question.” 22 Ruling Case Law, 436. See also
 
 Prince
 
 v.
 
 Skillin, 71
 
 Me., 361, 36 Am. Rep., 325. Likewise the issuance
 
 *551
 
 of the commission by the Governor, the giving of bond, taking possession of the office and performing the duties thereof — all these circumstances do not invest a person with title to an office where the right thereto does not exist. As was said in
 
 State, ex rel. Kopp,
 
 v.
 
 Blackburn, ante,
 
 421, on page 428, “Title to the office does not depend upon occupancy but rather occupancy of the office depends upon the title or right to hold the office.” Since there was no one legally elected to the office of County Engineer of Adams county at the November election in 1936, the incumbent of that office immediately prior to January 4, 1937, would continue to hold such office under Section 8, General Code, which reads as follows: “A person holding an office of public trust shall continue therein until his successor is elected or appointed and qualified, unless otherwise provided in the Constitution or laws.”
 

 As already noted, in the instant case there was no successor to the relator, as incumbent, elected and qualified. Neither has there been a successor to the relator appointed and qualified, nor could there be for the reason that there has been no vacancy. By the election in November, 1936, no one acquired title to the office. The situation here is not like that in
 
 State, ex rel. Kopp,
 
 v.
 
 Blackburn, supra,
 
 for the reason that there Kopp had been legally elected and qualified. He had thereby acquired title to the office and his subsequent death created a vacancy. In the instant case, neither party is contending that there was a vacancy. It follows, therefore, that the relator, Rufus Cox, who was the incumbent immediately prior to January 4, 1937, is entitled under Section 8, General Code, to hold the office of County Engineer of Adams county until his successor is elected and qualified.
 

 Judgment of ouster will be rendered against Charles
 
 *552
 
 W. Riffle and an order of induction awarded in favor of Rufus Cox.
 

 Judgment of ouster and order of induction.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman and Williams, J J., concur.