Matthias, J.
 

 The principal question presented upon the merits of this case is whether Wheatley, the successful candidate for the office of county engineer in the election of November,
 
 1986,
 
 was an eligible candidate for such office at the time of the election. However, two preliminary questions are presented which logically should be first considered, and those are whether the action was prematurely brought and whether the remedy of
 
 quo warranto
 
 is' available.
 

 This proceeding was instituted under favor of the provisions of Section 12303, General Code, the pertinent portions of which are as follows:
 

 “A civil action may be brought in the name of the state: 1. Against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, civil or military, or a franchise, within this state, or an office in a corporation created by the authority of this state.”
 

 An act of usurpation of a public office and the prerogatives thereof may be with or without forcible seizure thereof. ’ It is usually regarded as a mere unauthorized assumption and exercise of power in performing the duties of office upon claim of right thereto. The same meaning is covered by the phrase “intrudes into,” as used in the statute, which means the entering into without right or title of entering.
 

 The record .adequately discloses that on January
 
 4,
 
 Wheatley, having taken the oath of office and given bond which had been duly approved, assumed the duties and the prerogatives of the office of county engineer, going so far as to discharge one employee and announcing to all other employees in the office that he was taking over the duties of the office of county
 
 *167
 
 engineer and that they should take no orders from anybody but him. We are of the opinion, therefore, that this action was not prematurely instituted and further that the remedy of
 
 quo warranto
 
 was available. As early as the case of
 
 Harding
 
 v.
 
 Eichinger,
 
 57 Ohio St., 371, 49 N. E., 306, it was held that
 
 quo warranto
 
 was the appropriate remedy to try the title to public office. This rule has been followed and applied in subsequent cases, among them being
 
 State, ex rel. Haff,
 
 v.
 
 Pask,
 
 126 Ohio St., 633, 186 N. E., 809;
 
 Heffner
 
 v.
 
 State, ex rel. Johnson, Pros. Atty.,
 
 131 Ohio St., 13, 1 N. E. (2d), 146, and
 
 State, ex rel. Cox
 
 v.
 
 Riffle,
 
 132 Ohio St., 546, 9 N. E. (2d), 497.
 

 A complete answer to the contention that the remedy of contest of election under the statute is available and not a proceeding in
 
 quo warranto
 
 is found in the opinion in the
 
 Heffner case, supra,
 
 where it is said:
 

 “It is urged that action in
 
 quo warranto
 
 does not lie; that the remedy available is that provided by the statute for the contest of election. It is quite obvious that those statutory provisions have no application in this situation. An election contest, under the statute, is to ascertain and decide which candidate received the highest number of legal votes.
 
 Howard
 
 v.
 
 Shields,
 
 16 Ohio St., 184;
 
 Prentiss
 
 v.
 
 Dittmer,
 
 93 Ohio St., 314, 112 N. E., 1021, L. R. A. 1917B, 191.”
 

 In the instant case, there was no question as to the number of ballots for or against any candidate, or in any respect as to the validity of the election other than the eligibility of the. candidate who, as it transpired, received the larger number of votes in the election. We therefore have the same proceeding and substantially the same question as was presented in the case of
 
 State, ex rel. Cox,
 
 v.
 
 Riffle, supra.
 
 The requirements as to eligibility for the office of county engineer are prescribed by Section 2783, General Code, which became effective February 3, 1936. That section reads as follows:
 

 
 *168
 
 “No person holding the office of clerk of court, sheriff, county treasurer or county recorder, shall be eligible to the office of county engineer. In all counties no person shall be eligible as a candidate for the office of county engineer or be elected or appointed thereto, except a registered professional engineer and registered surveyor licensed to practice in the state of Ohio, or a person who shall have previously served as county engineer immediately prior to his election.”
 

 And it is conceded, of course, that Wheatley had not previously served as county engineer immediately prior to his election; neither had Wheatley secured a license from the State Board of Registration for Professional Engineers and Surveyors as a surveyor nor passed an examination as a professional engineer in accordance with the provisions of Section 1083-1
 
 et seq.,
 
 General Code. It does appear that, following the application filed with the State Board of Registration for Professional Engineers and Surveyors on January 23,1935, for a license as surveyor and subsequently an application for a license as an engineer, Wheatley received á letter from the secretary of the board which, in substance, acknowledged the receipt of such application and stated that, in order that the applicant might be protected as set out in Section 1083-19, General Code, which provides that the construction of public works shall be supervised by a licensed engineer or surveyor, he was authorized to use a stamp therein indicated “until you are authorized by the board to use the seal.” Wheatley was not granted a license as a surveyor until subsequent to the election, and did not pass an examination as a professional engineer until subsequent to the institution of this proceeding. It is quite manifest, therefore, that at the time of the election Wheatley had not met the mandatory requirements of the statute and was not eligible as a candidate for the office of county engineer, and could not be legally elected or appointed thereto. The
 
 *169
 
 letter written by the secretary of the State Board of Registration for Professional Engineers and Surveyors cannot be regarded as a certificate of registration or a license such as to render Wheatley eligible as a candidate for the office of county engineer under the provisions of Section 2783, General Code.
 

 The recent decision of this court in the case of
 
 Cox
 
 v.
 
 Riffle, supra,
 
 is conclusive upon the question thus presented. No one having been legally elected to the office of county engineer, Kirk, the incumbent of that office, will hold over under the provisions of Section 8, General Code, until his successor is elected and qualified.
 

 The judgment of the Court of Appeals is therefore affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.