In State, ex rel. Kirk, v. Wheatley, 133 Ohio St. 164,12 N.E.2d 491, this court held that Wheatley not being a registered engineer was not entitled to hold office even though he received the highest number of votes. He has since qualified as an engineer under the provisions of Section 2783, General Code.
Wheatley, in this action, claims title to the office not by reason of an election but because of an appointment made on March 7, 1938, after the county commissioners declared the office of county engineer vacant on March 4, 1938.
If Kirk had no authority to hold over under Section 8, General Code, then the county commissioners had a right to declare the office vacant and to appoint Wheatley to the position of county engineer.
Article XVII, Section 2 of the Ohio Constitution provides that "the term of all elective county, township, municipal, and school officers shall be such even number of years notexceeding four (4) years as may be so prescribed." (Italics ours.)
It has been held not only in this state, but it is practically the unanimous finding in other jurisdictions having similar provisions, that where the term of office is fixed by the Constitution, a statutory provision that the incumbent shall hold over after the expiration of the term and until his successor is elected or appointed and qualified, is without effect if the period of time that the incumbent has served exceeds the length of term fixed by the Constitution.State, ex rel., v. Howe, supra; State, ex rel. AttorneyGeneral, v. Brewster, supra. See annotations in 97 A. L. R., 1443.
The Constitution gave the Legislature the power to fix the term of county engineer "such even number of years notexceeding four." It did not provide that the term should be four years and until a successor is elected and qualified. It did not provide that, in case of a vacancy by reason of a failure to elect, the vacancy *Page 188 
should be filled by the incumbent who should serve until a successor was elected and qualified. Neither did it specifically nor inferentially give the Legislature the authority to make such enactments. On the contrary the Legislature was specifically prohibited from fixing an elective term of more than four years.
In the first paragraph of the syllabus in State, ex rel.Attorney General, v. Brewster, supra, this court held without any equivocation that "where the term of an office is fixed and limited by the Constitution, there is no power in the General Assembly to extend the term or tenure of such office beyond the time so limited." (Italics ours.)
The only difference between the constitutional provision then in force was that the Legislature had the right to fix the term for a period not exceeding three years. The provisions of Section 8 of the Revised Statutes are identical with those of the present Section 8 of the General Code. Under those circumstances Brewster sought to hold over beyond his three year period until Raine would take office for a term to which he was elected.
After citing the statement in State, ex rel., v. Howe supra, that "in cases where the duration of the tenure of office is limited by the Constitution, of course, its duration can not be extended," Chief Justice Owen in the Brewster case said at page 593:
"If the provision of Section 8, that any person holding an office shall continue therein until his successor is elected or appointed and qualified, is to be given the effect contended for, it is not easy to see why this is not an extension of the duration of the office by statute beyond the limitation prescribed by the Constitution.
"Section 8 is as much a general law as that providing for the election of auditors for three years, and if the two, construed together, are to be held to authorize a holding over after the expiration of the term of three years, what stands in the way of enacting them in one *Page 189 
section instead of two? And what would be said of an enactment which, in the face of this plain constitutional limitation of three years, should provide that 'county auditors shall hold their offices for three years, and until their successors shall be elected and qualified?' Would anybody seriously contend that such legislation would be constitutionally valid?
"It is certainly by a confused process of reasoning that it is contended that the same provision (Section 8), which authorizes a holding over beyond the term and thus extends the duraton of the office, is also a provision for filling a vacancy."
This language used by the court is somewhat extreme, and is not quoted with any purpose of disparaging the views honestly held by the majority, but rather because the reasoning employed by Chief Justice Owen seems to dispose of every contention made by the respondent.
However, in the majority opinion it is said that by the adoption of Article XVII, Sections 2 and 3, the situation has been changed since the decision in the Brewster case.
Section 3, adopted in 1905, merely provided that those holding office when the constitutional amendment changing the term of office for county officials was adopted should hold until their successors were elected and qualified. In construing that amendment this court held that that provision was limited in its application to officers chosen or appointed under the provisions of the former constitutional provision, whose terms of office did not expire until after the new provision of the Constitution took effect. It applied solely to those officials holding office on November 7, 1905, when the amendment was adopted. State, ex rel. Pardee, v. Pattison,73 Ohio St. 305, 76 N.E. 946. A similar provision can be found in the Constitution of 1851, and it was given a like construction. State, ex rel. Attorney General, v. Taylor, *Page 190 15 Ohio St. 137. Reference to Article XVII, Section 3, is not helpful to a decision in this controversy; nor is the statement found in Article XVII, Section 2 that "all vacancies in other elective offices shall be filled for the unexpired term in such manner as may be prescribed by law." (Italics ours.)
In accordance with the statements which Chief Justice Owen expressed, if Section 8, General Code, authorizing a holding over beyond the term, is also a provision for filling a vacancy, Kirk would now rightfully be in office, and there would not be any vacancy. The vacancy is created solely because Kirk has served the length of time which the Constitution permits. If Kirk had served less than four years by reason of an appointment, a vacancy would not have existed.
A review of the cases and the constitutional provisions must, of necessity, lead to the conclusion that a county official cannot hold over beyond a four-year term for which he was elected, although there are instances where, if he had been appointed for an unexpired term to fill a vacancy, he may hold over under the provisions of Section 8, General Code.
Continuity in the management of governmental affairs is a worthy objective. To achieve this continuity neither the Legislature nor the court can decree that county officers shall serve for four years and until their successors are elected and qualified, when the Constitution specifically provides their terms shall not exceed four years.
With due deference to the majority, the effect of this decision is to overrule holdings of this court made as early as 1874, and which have been consistently followed by courts not only in this state but likewise in practically every state having a similar constitutional provision. The demurrer should have been overruled.
DAY, J., concurs in the foregoing dissenting opinion. *Page 191