Cox et al., Appellants, *v.* Village of
Union City et al., Appellees.

(No. 666—Decided November 23, 1948.)

*Mr. Richard H. LeFevre,* for appellants.
*Messrs. Goubeaux & Goubeaux,* for appellees.

Wiseman, P. J. This is an appeal on questions of
law from a judgment of the Common Pleas Court of
Darke county. The plaintiffs, as taxpayers of Union
City, Ohio, brought this action against the village of
Union City, Darke county, Ohio, its clerk and treas-
urer, and also Charles Maloon, to enjoin the village
from paying compensation to Charles Maloon for his
services as village marshal. Upon hearing the court
entered judgment for the defendants.

Assigned as error is that the judgment is contrary
to law and is not sustained by sufficient evidence or
any evidence. The only issue for determination is
whether Charles Maloon was a qualified elector of
Union City, Ohio, and eligible for appointment as vil-
lage marshal on June 7, 1948, the date of his appoint-
ment.

The marshal of a village must be an elector thereof. Section 4384, General Code. The qualifications of electors are found in Sections 4785-29 to 4785-33a, inclusive, General Code. The residence qualifications of electors are found in Section 4785-30 which, in part, provides:

"No person shall be permitted to vote at any election unless he shall have been a resident of the state one year, of the county forty days and of the voting precinct forty days next preceding the election at which he offers to vote * * *."

Was Maloon a resident of the precinct 40 days or more preceding the date of his appointment?

There is no dispute as to the pertinent facts. The record shows that Charles Maloon was an elector of Jackson township, Darke county, Ohio, prior to April 26, 1948; that on April 26, 1948, he moved to his son's residence in Union City, Ohio, taking with him his clothing and some bedding; and that on April 29, 1948, his wife and three children moved to Union City, Indiana, taking the family household goods and occupying a residence property owned by Maloon and his wife. Maloon testified that he intended to make Union City, Ohio, his permanent residence and that his family were compelled to move into their own property in Union City, Indiana, because of the housing shortage. Maloon testified that his family will move into Union City, Ohio, as soon as a residence is available. Maloon had owned property both in Ohio and Indiana but had never lived in Indiana. He lived 54 years in Union City, Ohio, with the exception of a few years when he lived on a farm in Jackson township, Darke county, near Union City, Ohio.

At the time he changed his residence, Maloon was a candidate for sheriff of Darke county. After his defeat in the May primary election, Maloon continued to live with his son because he was a special policeman

in Union City, Ohio, and, also, because of the future prospect of his appointment as marshal upon the resignation of his son. Upon the resignation of his son as marshal, Maloon was appointed marshal of Union City, Ohio, on June 7, 1948.

The motive for changing his place of residence is immaterial if a clear intention is manifested to make the new residence his permanent home. The plaintiffs contend that Maloon did not establish a domicile or acquire a residence in Union City, Ohio, of a character to make him an elector. The point is made that it was not legally possible for Maloon to acquire a residence qualifying him as an elector of Union City, Ohio, because of the residence of his wife and children in Union City, Indiana.

Section 4785-31, General Code, in part, provides:

"All registrars and judges of elections, in determining the residence of a person offering to register or vote, shall be governed by the following rules, so far as they may be applicable: * * *

"d. The place where the family of a married man or woman resides shall be considered and held to be his or her place of residence; except that where the husband and wife have *separated and live apart,* the place where he or she resides the length of time required by the provisions of this act to entitle a person to vote, shall be considered and held to be his or her place of residence." (Emphasis ours.)

It is conceded that Maloon lives apart from his wife, but the plaintiffs contend that Maloon is not "separated" from his wife as that term is used in the above-quoted statute. The evidence shows that the living apart was not the result of any disagreement or domestic difficulty between Maloon and his wife. The fact is that there was no marital discord. The contention of the plaintiffs is that under the provisions of Section 4785-31 d, General Code, the place where

Maloon's family resides should be considered his residence for voting purposes. It is urged that the exception has no application to the facts in this case, the contention being that the exception applies only where the husband and wife have "separated and live apart" as the result of some family disagreement or marital difficulty. It is common knowledge that husbands and wives live separate and apart for various reasons, economic and otherwise, and not because of marital difficulties. We cannot conceive of the General Assembly intending to place upon the election officials the burden of determining in any given case whether the husband and wife are "separated and live apart" by reason of marital difficulties. If that were the legislative intent, we can visualize questions being raised whether there is any marital difficulty and, if the claim be disputed, a prolonged hearing to determine the question. In our opinion it is inconceivable that the General Assembly would ever adopt a policy which would require our citizens to unfold their marital secrets in order to acquire residential qualifications as electors. In our opinion there was no such legislative intent. As we view it, in order to effectuate the purpose of the law, the phrase, "separated and live apart," should be given a broad, practical interpretation. If the husband actually lives separate and apart from his wife, he may acquire at the actual place of living a residence for voting purposes under the provisions of the statute.

In the instant case, Charles Maloon had resided in Union City, Ohio, more than forty days prior to the date of his appointment, and, therefore, had acquired the status of an elector of Union City, Ohio, on such date and was eligible for the appointment as marshal thereof.

The judgment is affirmed.

*Judgment affirmed.*

MILLER and HORNBECK, JJ., concur.