Per Curiam.

Is the judgment of the Court of Appeals, granting a writ of mandamus requiring the members to omit the name of Hillman from the ballot at the election of November 6, 1956, because he did not have the statutory qualifications as a candidate for the office of county engineer, erroneous?
Respondents claim that it was error to grant a writ of mandamus in this case, for the reason that the decision of the board *500 of elections resulted from a tie-breaking vote cast by the Secretary of State, whose decision under Section 3501.11, Revised Code, is final. This section provides in part as follows:
“In all cases of a tie vote or a disagreement in the board, if no decision can be arrived at, the clerk shall submit the matter in controversy to the Secretary of State, who shall summarily decide the question and his decision shall be final.”
Numerous decisions of this court have established the rule that, “notwithstanding the decision of the board [of elections] is declared by statute to be final, it may nevertheless be reviewed if procured by fraud or corruption, or where there has been a flagrant misinterpretation of a statute, or a clear disregard of legal provisions applicable thereto.” See State, ex rel. Flynn, v. Board of Elections of Cuyahoga County, 164 Ohio St., 193, 129 N. E. (2d), 623. As disclosed in that case, the use of mandamus in like actions has been approved in prior cases decided by this court.
The gist of respondents’ claims relates to the finding of the Court of Appeals that Hillman did not possess the statutory qualifications to be a candidate for the office of county engineer.
Section 315.02, Revised Code, relating to the eligibility of a candidate for the office of county engineer, is as follows:
“No person holding the office of Clerk of the Court of Common Pleas, sheriff, county treasurer, or county recorder is eligible to hold the office of county engineer. No person is eligible in any county as a candidate for such office or shall be elected or appointed thereto unless he is a registered professional engineer and a registered surveyor, licensed to practice in this state, or unless he has previously served as county engineer immediately prior to his election to such office. ’ ’
Compliance with this provision is mandatory, as is disclosed by the third paragraph of the syllabus of State, ex rel. Kirk, v. Wheatley, 133 Ohio St., 164, 12 N. E. (2d), 491, which i.s as follows:
“The provisions of Section 2783, General Code [Section 315.02, Revised Code], are mandatory, and one who is not a registered professional engineer and registered surveyor licensed to practice in the state of Ohio is not eligible as a candidate for the office of county engineer or to be elected or appoint *501 ed thereto unless he shall have previously served as county engineer immediately prior to his election.” (Emphasis added.)
We find that Hillman was a candidate and was required to meet the eligibility requirements of a candidate, under the above statute and case, at least when he paid his filing fee and filed his expense accounts as a candidate.
He paid the filing fee as a candidate for county engineer on June 6, 1956, and on June 7, 1956, as such candidate he filed his expense accounts. The evidence is clear and undisputed and shows that he did not meet the qualifications of the office of county engineer and, therefore, was not eligible as a candidate at the time he acknowledged his candidacy by paying such filing fee and filing such expense accounts.
We hold, therefore, that, since Hillman was not a registered surveyor at the time he paid his filing fee and filed his expense accounts as a candidate for county engineer, he did not meet the mandatory qualifications of Section 315.02, Revised Code, and is not eligible as a candidate for the office.

Judgment affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taft, JJ., concur.
Bell, J., not participating.