793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ARTHUR P. LAMBROS, Plaintiff-Appellant,
v.
CUYAHOGA COUNTY BOARD OF ELECTIONS; STATE OF OHIO; SHERROD
BROWN, Defendants-Appellees.
 84-3333
 United States Court of Appeals, Sixth Circuit.
 5/30/86
 
 AFFIRMED
 N.D.Ohio
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
 BEFORE: KENNEDY and MILBURN, Circuit Judges; and JOINER, Senior District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff Arthur P. Lambros appeals the judgment of the district court dismissing his civil rights action filed under 42 U.S.C. Sec. 1983 alleging that defendants deprived him of his right to vote and to seek political office without due process of law.
 
 I.
 
 2
 In anticipation of the November 8, 1983, election for the position of Law Director of the City of Brook Park, Ohio, plaintiff, the incumbent, and David Williamson filed Declarations of Candidacy and Petitions for Election. Thereafter, one John Spangler filed a protest with defendant Cuyahoga County Board of Elections ('the Board') alleging that plaintiff failed to meet the residency requirements of the City's charter. Following an evidentiary hearing on September 9, 1983, at which plaintiff testified, the Board determined that plaintiff did satisfy the City's residency requirement.
 
 
 3
 On October 5, 1983, Spangler filed a mandamus action in the Ohio Supreme Court, naming only the Board as respondent and requesting that a writ be issued ordering the Board to remove plaintiff's name from the ballot. Although plaintiff by chance became aware of the mandamus action, he did not seek to intervene. On October 20, 1983, the Ohio Supreme Court issued the requested writ ordering plaintiff's name stricken from the ballot. State ex rel. Spangler v. Board of Elections, 7 Ohio St. 3d 20, 455 N.E.2d 1009 (1983).
 
 
 4
 On November 2, 1983, plaintiff filed the present action in federal district court. On November 3, 1983, a temporary restraining order was issued directing the Board to reinstate plaintiff's name to the ballot. The order further directed that all ballots cast in the election be impounded until the court ruled on the merits. Accordingly, the election was held on November 8, 1983, with plaintiff's and Williamson's names on the ballot. On March 27, 1984, the district court dismissed plaintiff's complaint and dissolved the restraining order, holding that under Ohio law plaintiff had no right to be named as a party in Spangler's mandamus action and that, in any event, plaintiff was guilty of laches.
 
 
 5
 Thereafter, on April 2, 1984, Williamson filed a mandamus action in the Ohio Supreme Court seeking an order directing the Board (1) to count only those votes cast for Williamson, (2) to declare Williamson winner of the election, and (3) to certify Williamson's election. Upon petition, plaintiff was permitted to intervene, and on June 7, 1984, the Ohio Supreme Court ordered the relief requested by Williamson. State ex rel. Williamson v. Cuyahoga County Board of Elections, 11 Ohio St. 3d 90, 464 N.E.2d 138 (1984).
 
 II.
 
 6
 In our view, this appeal is barred by reason of the res judicata effects of the Ohio Supreme Court's decision in State ex rel. Williamson, supra. '[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.' Migra v. Warren City School District Board of Education, 465 U.S. 75, 81, 104 S. Ct. 892, 896 (1984).
 
 
 7
 Under Ohio law, res judicata encompasses issue preclusion and claim preclusion. City of Canton v. Maynard, 766 F.2d 236, 238 (6th Cir. 1984). In Maynard, we noted that Ohio courts have applied res judicata 'not only to what was determined but also to every question which might properly have been litigated.' Id. (quoting Stromberg v. Board of Education, 64 Ohio St. 2d 98, 100, 413 N.E.2d 1184, 1186 (1980) (per curiam)). We further observed:
 
 
 8
 Although claim preclusion is utilized by the Ohio courts, those courts have required that the second suit be between the same parties and involve the same cause of action for res judicata to apply.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 [T]he proper way to determine whether two causes of action are the same is 'to consider the facts necessary to sustain the claim.' Duncan v. Peck, [752 F.2d 1135, 1139 (6th Cir. 1985)].
 
 
 12
 Maynard, 766 F.2d at 238.
 
 
 13
 Under these standards, we hold that the present action is barred by res judicata. All the parties to this action were also parties in Williamson. Moreover, the facts underlying the present action are the same as the facts before the court in Williamson, viz., the circumstances surrounding the November 8, 1983, election for Law Director in Brook Park, Ohio. Therefore, plaintiff is precluded from continuing to prosecute in federal court the present claim which he could have submitted to the Ohio Supreme Court when he intervened in Williamson.
 
 III.
 
 14
 Accordingly, the decision of the district court dismissing plaintiff's action is AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation