NOTE:  This opinion is released and subject to further editing.

                    OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Portis, Appellee, v. Summit County Board of Elections,
Appellee; Tarle, Appellant.
[Cite as Portis v. Summit Cty. Bd. of Elections (1993),
Ohio St.3d      .]
Elections -- Vehicle for challenging a candidate's
      qualifications is a protest -- Election contests may not
      be used as a vehicle for asserting an untimely protest.
      (No. 93-1933 -- Submitted and decided October 15, 1993 --
Opinion announced October 25, 1993.*)
      Appeal from the Court of Common Pleas of Summit County,
No. CV-93-09-3024.
      Appellant Ernie J. Tarle received more votes than the
three other Democratic candidates who ran in the September 7,
1993 primary for the Fifth Ward seat on the Akron City
Council.  Appellee David Portis, who received the second most
votes, challenged Tarle's nomination by filing an election
contest against appellee Summit County Board of Elections
("board") in the Summit County Court of Common Pleas.  The
common pleas court found Tarle ineligible to seek the city
council office because he had not resided in the Fifth Ward for
one year prior to the November 2, 1993 general election, as
required by the Akron City Charter.  The court further
pronounced Portis the Democratic nominee.
      Tarle was not named as a party to the action or served
with Portis's complaint.  However, he was permitted to
* Reporter's Note: The decision in this case was announced on
    October 15, 1993, "consistent with the opinion to follow."
    See 67 Ohio St.3d 1476,     , N.E.2d    .  The "opinion to
    follow" is announced today.


enter an appearance, file an answer, testify and present
witnesses in a hearing held September 20, 1993, and the common
pleas court declared him a "real party in interest" in its last
judgment entry.  Acting now as appellant, Tarle asks for
reversal of the judgment below and his return to the ballot as
the Democratic nominee.

A. William Zavarello Co., L.P.A., A. William Zavarello and Mark W. Ruf, for appellee Portis.

Lynn C. Slaby, Summit County Prosecuting Attorney, and Donna C. Carr, Assistant Prosecuting Attorney for appellee board of elections.

Blakemore, Meeker, Varian, Looney & Bowler Co., L.P.A., and Donald S. Varian, Jr., for appellant.

Per Curiam.  This action was filed under the aegis of R.C. 3515.08 through 3515.16, but it lacks the substantive characteristics of an election contest.  "'An election contest, under the statute, is to ascertain and decide which candidate received the highest number of legal votes.'"  State ex rel. Kirk v. Wheatley (1938), 133 Ohio St. 164, 167, 10 O.O. 236, 238, 12 N.E.2d 491, 493, quoting Heffner v. State ex rel. Johnson (1936), 131 Ohio St. 13, 15, 5 O.O. 254, 255, 1 N.E.2d 146, 147.  To prevail, the contestor must prove "(1) that one or more election irregularities occurred, and (2) that the irregularity or irregularities affected enough votes to change or make uncertain the result of the election."  In re Election of November 6, 1990 for the Office of Attorney General of Ohio (1991), 58 Ohio St.3d 103, 569 N.E.2d 447, syllabus.  Election contests are "the exclusive remedy for a recounting of the votes, or a correction of all errors, frauds, and mistakes which may occur at an election."  State ex rel. Byrd v. Summit Cty. Bd. of Elections (1981), 65 Ohio St.2d 40, 19 O.O.3d 230, 417 N.E.2d 1375, paragraph one of the syllabus.  Evidence in election contests may include testimony from voters in the election or election officials about casting and tabulating votes.  R.C. 3515.12; In re Election of Swanton Twp. (1982), 2 Ohio St.3d 37, 2 OBR 581, 442 N.E.2d 758.  The evidence must show that the election result was contrary to the will of the electorate, or the result will not be disturbed.   In re Election of November 6, 1990, supra, 58 Ohio St.3d at 105, 569 N.E.2d at 450; Mehling v. Moorehead (1938), 133 Ohio St. 395, 408, 11 O.O. 55, 60, 14 N.E.2d 15, 21.

Portis submitted records and testimony from the board of elections placing Tarle's voting residence outside the Fifth Ward since the November 1992 general election.  However, this evidence goes to Tarle's qualifications, not the manner in which the primary election was conducted or the validity of votes cast for him.  Evidence of nonresidency says nothing about whether the election accurately ascertained the will of the electorate.  Indeed, Portis acknowledges that Tarle received the highest number of votes.

The vehicle for challenging a candidate's qualifications, particularly allegations of nonresidency, is a protest.  See, e.g., State ex rel. Brown v. Summit Cty. Bd. of Elections (1989), 46 Ohio St.3d 166, 545 N.E.2d 1256; State ex rel. Nichols v. Vinton Cty. Bd. of Elections (1985), 20 Ohio St.3d 1, 20 OBR 75, 484 N.E.2d 690; and State ex rel. Spangler v. Cuyahoga Cty. Bd. of Elections (1983), 7 Ohio St.3d 20, 7 OBR 487, 455 N.E.2d 1009.  In fact, Portis attempted to file a protest pursuant to R.C. 3513.05, but did not file it timely with the board of elections.

Election contests may not be used as a vehicle for

asserting an untimely protest.  As we have said, election contests must raise questions as to "the number of ballots for or against any candidate, or in any respect as to the validity of the election other than the eligibility of the candidate who * * * received the larger number of votes in the election." Kirk, supra, 133 Ohio St. at 167, 10 O.O. at 238, 12 N.E.2d at 493-494.  Thus, Portis's untimely protest did not transform itself into an election contest just because the instant election was over when he filed it.

Accordingly, we hold that Portis has not shown any irregularity or uncertainty in the primary election of September 7, 1993 that warrants the relief an election contest affords.

## Order

Based on the foregoing, the common pleas court's judgment pronouncing Portis the Democratic nominee for the Fifth Ward seat on Akron City Council is reversed.  In view of such reversal, Tarle is entitled to all that he lost by reason of the judgment below, Bickett v. Garner (1876), 31 Ohio St. 28, paragraph one of the syllabus, which in this case must include his reinstatement as the Democratic nominee for the purpose of the 1993 general election.  The common pleas court, therefore, is ordered to issue a judgment requiring Tarle's reinstatement on the ballot as the Democratic nominee for the Fifth Ward seat on the Akron City Council.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.