HEYMAN ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* CITY OF BELLEVUE, APPELLANT AND CROSS-APPELLEE.

(No. 618—Decided July 2, 1951.)

*Messrs. Young & Young* and *Mr. F. J. Hiltz,* for appellees and cross-appellants.

*Mr. G. Ray Craig* and *Mr. Arthur W. Lee,* for appellant and cross-appellee.

Fess, J. This is an appeal by defendant and cross-appeal by plaintiffs on questions of law from a judgment entered upon a verdict for plaintiffs in the sum of $2,500.

In their petition, after reciting that the defendant is a municipal corporation, plaintiffs make the following allegations:

"Plaintiffs further say that in 1945 the defendant purchased from them 9.137 acres of land from Lyme township, Huron county, Ohio, and erected thereon a reservoir which was part of a tract of land of about 143 acres; that the acquiring of such and the making of the reservoir was with the full knowledge of the city of Bellevue, and the method of building the same was not and is not known to these plaintiffs. That in connection with said work, and in addition thereto the defendant in 1946 placed a pipe line through plaintiff's lands, and undertook to connect the plaintiff's

existing tile drainage system thereto, (1) *but that defendant failed to complete and cover the pipe line,* (a) and *in violation of their agreement suffered and permitted the line to be open so that the land around the same washed away,* and (3) *the tile belonging to the plaintiffs fell down and the said drainage system has been so damaged that the entire farm has been depreciated in value in at least the sum of eleven thousand dollars;* that the defendant agreed and warranted that the use of said premises would not injure the residue of any of said property and that they would so build, maintain and construct the reservoir thereon and the pipe line aforesaid that the same would not damage or injure the residue of the property of these plaintiffs." (Italics supplied.)

Some confusion and error arising at the trial could have been avoided had plaintiffs been required to make the amended petition definite and certain.

The answer admits that in 1945 defendant purchased the land from plaintiffs and erected the reservoir on a portion thereof; that in 1946, in connection with the construction of the reservoir, defendant placed a pipe line through a part of plaintiffs' lands; and that in an easement granted by plaintiffs for the purpose of laying a 24-inch pipe line across a part of their lands, it was provided that defendant would compensate the plaintiffs for all damages occasioned from the construction and operation of said pipe line. Defendant expressly denies that the location, construction and maintenance of the pipe line occasioned any damage to plaintiffs, except for crops for which defendant had offered to pay and for which payment was refused.

As we construe the petition, it seeks recovery of three separate items of damages as indicated in the italicized portion of the quotation from the petition. Over objection of the defendant, evidence was ad-

mitted tending to show damage from water flowing or splashing over the bank of the reservoir onto plaintiffs' land. Although the evidence on this point was slight and would not support a finding thereon, it was not in support of any issue raised by the pleadings and should have been excluded.

Evidence was also erroneously admitted disclosing erosion and ruts extending down the bank of the reservoir.

Over objection, testimony was admitted also as to the condition and value of the land before and after the reservoir was constructed, tending to show that as a result of the construction of the reservoir, aside from the pipe line, damage was suffered and that the land depreciated in value.

Testimony was admitted relating also to the value of the entire farm of the plaintiffs before and after the construction of the pipe line and reservoir. A substantial portion of the farm lies north of the highway intersecting the farm, and there was no evidence indicating any possible damage to this portion of plaintiffs' land. In the charge, the court excluded consideration of any claimed damage to the land north of the highway, but such exclusion came too late to cure the error incident to the admission of the testimony.

During the charge, the court undertook to comment upon the evidence, and in the course of his remarks regarding the disturbance of drainage interjected the phrase, "and this is dangerous, you watch it to see if I am right." No doubt the court had in mind the danger of error in commenting upon the evidence, but the jury could well have been misled by the comment. The court also told the jury that if it found that water percolated through the reservoir upon plaintiffs' lands, the measure of damages would be the difference in the value of the land before and after the percolation. The court also submitted to the jury the claim

of the plaintiffs that they were damaged by the washing of water over the banks of the reservoir and flooding the lands.

It is the duty of the court to separately and definitely state to the jury the issues of fact made by the pleadings, accompanied by such instructions as to each issue as the nature of the case may require. *Simko* v. *Miller,* 133 Ohio St., 345, 13 N. E. (2d), 914. Cf. *Ribarin* v. *Kessler,* 78 Ohio App., 289, 70 N. E. (2d), 107. Reference to the testimony in a charge is a delicate and difficult task to avoid giving undue prominence to part of the testimony, and, also, to avoid indicating to the jury the view of the court on a particular issue of fact. Juries are prone to catch the least note from the judge concerning his view of the issue; hence the importance of a correct statement of the testimony, where the court undertakes to give it, can not be exaggerated. *Wuest, a Minor,* v. *Baltimore & Ohio Southwestern Rd. Co.,* 5 C. C. (N. S.), 619, 17 C. D., 365.

As to the amount, the verdict is manifestly against the weight of the evidence.

Assignments of Error on behalf of Plaintiffs as
Cross-Appellants.

Plaintiffs sought to introduce evidence relating to the value of lands in the vicinity before and after the construction of the reservoir, to which objection was properly sustained. The testimony was inadmissible (1) because there is no claim asserted in the petition for damage resulting from the construction of the reservoir, and (2) even though it be made an issue, testimony regarding the value of land generally in the vicinity of an improvement is too remote to prove damage to a particular parcel of land.

Evidence tending to show that the pipe line was improperly laid on land adjoining plaintiffs' property was also properly refused. Since this testimony was

not in rebuttal, its exclusion was within the discretion of the court.

Plaintiffs also sought to introduce testimony that persons representing the defendant told one of the plaintiffs, prior to the sale of the land, that the reservoir would not harm or damage plaintiffs' land. In the absence of a showing that the individuals in question had authority to make binding representations on behalf of the municipality, such testimony was not admissible. Furthermore, the parol evidence rule applies to deeds as well as other written instruments. *Long* v. *Moler,* 5 Ohio St., 272; *Jones* v. *Timmons,* 21 Ohio St., 596. There is no allegation that the alleged conversations related to an additional consideration for the deed. Cf. *Ayres* v. *Cook,* 140 Ohio St., 281, 43 N. E. (2d), 287.

Plaintiffs also assign as error the rejection of articles in a Cleveland newspaper stating that the reservoir was kept only half full because the waves threatened the walls, causing them to break down. Such evidence is hearsay of the remotest character and its exclusion was proper.

Upon request, the court gave defendant's special charge No. 3 to the effect that the mere construction and existence of the reservoir was not a basis for damage. Plaintiffs also assign as error the court's instruction that plaintiffs were not entitled to recover for any claimed damage to their lands north of the highway. There was no evidence to support any such claim and the physical facts were such as to indicate no basis whatsoever for such a claim. Plaintiffs contend that the entire farm should be treated as a unit in determining and computing damages, analogous to the procedure in condemnation cases. In appropriation proceedings it is well established that the landowner is entitled to compensation for the land taken and also

damages, if any, to the remaining property or residue as a result of the taking. Whether the residue, consisting of several parcels or lots, was used for one common purpose, so as to constitute a single tract, is a factual matter for the jury. *Deercreek Local Bd. of Edn.* v. *Payne,* 86 Ohio App., 319, 88 N. E. (2d), 226. But in the instant case there was no taking of plaintiffs' property. Plaintiffs, for a consideration in money, deeded some nine acres to the city in 1945, and in 1946 granted it the easement to lay the water line. Whether there could be a claim for damage to the residue under such circumstances, no such claim was asserted in the petition.

For errors prejudicial to the defendant, the judgment is reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

CARPENTER and CONN, JJ., concur.