THE STATE, EX REL. MORRISON, *v.*
FRANKLIN COUNTY BOARD OF ELECTIONS ET AL.

[Cite as State, ex rel. Morrison, v. Bd. of Elections (1980), 63 Ohio St. 2d 336.]

(No. 80-836—Decided September 25, 1980.)

*Mr. John S. Zonak,* for relator.

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Keith E. Henry* for respondents.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas V. Martin* for intervenor-respondent, Secretary of State.

*Per Curiam.* With regard to the primary issue before us—relator's true name—this court, after reviewing the briefs and supporting documents, is in much the same quandary as that expressed by the intervenor-respondent: "It is not clear from the actions of relator and the arguments in his brief whether he considers 'Curly' as a nickname or whether he actually intended to change his name to include 'Curly' as part of his true name."

The relator obviously wants "Curly" to be considered part of his name and points to a long history of using it for business and social purposes. Further, at common law a person can change his name at will if there is no intent to deceive or defraud. 57 American Jurisprudence 2d 282, Section 11; 65 Corpus Juris Secundum 26, Section 11 (2) and cases cited therein.

Even if Fred Curly Morrison also employed the name Fred L. Morrison at certain times, this would not necessarily

invalidate his nomination under the reasoning of the Secretary of State. The Secretary of State relies upon R. C. 3513.06 which requires any candidate who changes his name to circulate petitions with both his former name and his current name and states that failure to so do invalidates such petitions. But, in *Pierce* v. *Brushart* (1950), 153 Ohio St. 372, this court considered a situation analogous to that *sub judice* and determined that, where a person signed a declaration of candidacy using a name which he had adopted and by which he had been generally known in the community for years, the fact that during the same time he had used another name on certain occasions did not make such signing a change of name and invalidate his petitions.

Thus, relator could have argued that his use of two names in good faith—even though only one was listed on his petitions—did not disqualify him, if his own statement did not contradict his present stance. It seems that a person's own statement concerning his true name should be considered as persuasive evidence concerning this factual issue. On March 4, 1980, the relator filed an application for change of voting status, pursuant to R. C. 3503.19, which reads as follows:

"I, Fred L. Morrison, who am registered from 120 Price Avenue, City of Columbus, Ohio, have, on 3-4-80, changed my name to Fred 'Curly' Morrison, and desire to be registered for the purpose of voting under said new name.

Signed   *Fred Curly Morrison*   /s/
Present Name

Signed   *Fred L. Morrison*     /s/     "
Former Name

Reasonable minds might reach different conclusions as to what the relator considered his name to be, and, if it was changed, when such change took place.

If "Curly" is, in fact, a nickname, this court in a similar situation, in *State, ex rel Sterne,* v. *Bd. of Elections* (1969), 20 Ohio St. 2d 41, found no abuse of discretion on the part of the Secretary of State or a board of elections in denying a candidate's request that her nickname be place on the ballot.

Ordinarily a decision of a board of elections is final and will be reviewed by this court only to ascertain whether it is

tainted with fraud or corruption or resulted from an abuse of discretion or a clear disregard of the applicable law. *Sullivan* v. *State* (1932), 125 Ohio St. 387; *Pierce* v. *Brushart, supra.* None of these grounds for reversing the board is apparent, and its decision must stand.

The writ is denied.

*Writ denied.*

CELEBREZZE, C. J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

P. BROWN, HOLMES and DOWD, JJ., dissent.

HOLMES, J., dissenting. I believe that the Franklin County Board of Elections abused its discretion in this matter. I therefore dissent.

Because of the fundamental importance of the right of the citizens of this state to choose those who will govern, it is incumbent upon administrative boards, as well as the courts, to make decisions which further the informed exercise of that right. The decision of the board in the instant cause hinders, rather than promotes, the voters' right to make an informed choice between candidates, and, thus, is an abuse of that board's discretion.

It has been agreed to by the parties hereto that relator has used the name of Fred Curly Morrison continuously for the past 40 years, and that there is no misrepresentation, fraud or bad faith in the use of that name by relator. Indeed, the opposite appears to be true.

Relator has used the appellation "Curly" for many years as a well-known athlete and businessman. That name has, over the years, risen to the status of the publicly-accepted designation for his person. Denying relator the right to appear on the ballot as Fred Curly Morrison does not serve the voters of the 16th Ohio Senatorial District, and has no reasonable basis in logic or law.

The arbitrary nature of the board's decision is underscored by the fact that relator does not seek to use his "nickname" in lieu of his given name. He seeks to use both names. Because this would aid the voters in identifying the candidates, and would not mislead them, I believe the board's decision was without a rational basis, and violates the intent of the election laws of this state.

The board has abused its discretion, and the writ should issue.

Dowd, J., concurs in the foregoing dissenting opinion.