## McLAUGHLIN

v.

## CUYAHOGA COUNTY BOARD OF ELECTIONS.

[Cite as *McLaughlin v. Cuyahoga Cty. Bd. of Elections,*
156 Ohio App.3d 98, 2004-Ohio-492.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84133.

Decided Feb. 2, 2004.

Kenneth J. Fisher Co., L.P.A., and Kenneth J. Fisher, for relator.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for respondent.

ANNE L. KILBANE, Judge.

{¶ 1} Lynn Ann McLaughlin ("McLaughlin"), the relator, seeks a writ of mandamus requiring the Cuyahoga County Board of Elections ("board"), the respondent, to place her name on the Democratic primary ballot for the election to be held on March 2, 2004. After reviewing the briefs filed by the parties, the exhibits attached to the briefs, and the transcript of proceedings conducted before the board on January 17, 2004, we decline to issue the writ of mandamus.[1]

---

1. McLaughlin's complaint for a writ of mandamus is subject to summary dismissal, since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. R.C. 2731.04; *Maloney v. Court of Common Pleas of Allen Cty.* (1962), 173 Ohio St. 226, 19 O.O.2d 45, 181 N.E.2d 270; *Dunning v. Cleary*

{¶ 2} On December 18, 2003, McLaughlin filed her Declaration of Candidacy for the office of Judge of the Eighth District Court of Appeals, full term commencing January 3, 2005. The Declaration of Candidacy identified the candidate as "Lynn Ann McLaughlin" and she endorsed it as "Lynn Ann McLaughlin." On January 12, 2004, a protest to her candidacy was filed by Jerome Emoff, a registered voter. The protest challenged the name on the Declaration of Candidacy because McLaughlin employed only her maiden name. On January 17, 2004, a hearing on the protest was conducted before the board. McLaughlin submitted evidence to demonstrate her use of the name "Lynn McLaughlin Murray." She admitted that she is generally known in the community as Lynn McLaughlin Murray and could not think of any circles in which she uses McLaughlin exclusively. The board ruled that McLaughlin's Declaration of Candidacy was invalid and that her name should be removed from the Democratic primary ballot.

{¶ 3} On January 27, 2004, McLaughlin filed her complaint for a writ of mandamus, application for alternative writ of mandamus, and motion for summary judgment. On January 29, 2004, the board filed its brief in opposition, and McLaughlin filed a reply brief.

■ {¶ 4} In order for this court to grant a writ of mandamus, McLaughlin must demonstrate that (1) she possesses a clear legal right to the relief prayed for; (2) the board possesses a clear legal duty to perform the act requested; and (3) she possesses no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 6 OBR 50, 451 N.E.2d 225. It must also be noted that a decision of a board of elections must be scrutinized "by this court only to ascertain whether it is tainted with fraud or corruption or resulted from an abuse of discretion or a clear disregard of the applicable law." *State ex rel. Morrison v. Franklin Cty. Bd. of Elections* (1980), 63 Ohio St.2d 336, 338–339, 17 O.O.3d 420, 410 N.E.2d 764, citing *Sullivan v. State* (1932), 125 Ohio St. 387, 181 N.E. 805.

■ {¶ 5} The issue before this court is whether the board abused its discretion in finding that McLaughlin improperly completed the Declaration of Candidacy by employing only her maiden name. R.C. 3513.06, captioned "Effect of change of name on declaration of candidacy," provides:

"If any person desiring to become a candidate for public office has had a change of name within five years immediately preceding the filing of the

(Jan. 11, 2001), Cuyahoga App. No. 78763, 2001 WL 61077. This court, however, will ignore this procedural defect and proceed to a substantive disposition of McLaughlin's complaint for a writ of mandamus in light of the sanctity of the election process and the impending primary election which is to be conducted on March 2, 2004.

person's declaration of candidacy, the person's declaration of candidacy and petition shall both contain, immediately following the person's present name, the person's former names. * * * This section does not apply to a change of name by reason of marriage * * *."

{¶ 6} The marriage exemption as contained in R.C. 3513.06 is not applicable to the facts presented herein. McLaughlin did not execute her Declaration of Candidacy under her married name, which is Lynn A. Murray. Had she executed the Declaration of Candidacy under the name of Lynn A. Murray, the exemption under R.C. 3513.06 would not have required the inclusion of her maiden name.

{¶ 7} In determining whether McLaughlin was permitted to employ solely her maiden name when she executed the Declaration of Candidacy, we are guided by the principle that candidates shall be prevented from changing their names "to another to avoid an unfavorable result in the use of the abandoned name or to secure advantage by the use of the abandoned name." *Pierce v. Brushart* (1950), 153 Ohio St. 372, 381, 41 O.O. 398, 92 N.E.2d 4. See, also, *State ex rel. Green v. Casey* (1990), 51 Ohio St.3d 83, 554 N.E.2d 1288; *State ex rel. Morrison,* supra. In the case at bar, the exhibits attached to McLaughlin's motion for summary judgment and the affidavit attached to the motion for summary judgment clearly demonstrate that she has abandoned sole use of her maiden name upon marriage to Glenn J. Murray in 1999. In these documents, the evidence shows the following: (1) her maiden name was McLaughlin; (2) she was married to Glenn J. Murray in 1999 and has since employed the names of Lynn Ann Murray, Lynn A. Murray, and Lynn McLaughlin Murray; (3) McLaughlin is registered as an attorney with the Supreme Court of Ohio as Lynn A. Murray; (4) in her position of employment as a magistrate with the Cleveland Municipal Court, she is identified as Lynn McLaughlin Murray; (5) her compensation as a magistrate with the Cleveland Municipal Court is addressed to Lynn McLaughlin–Murray; (6) on October 10, 2000, McLaughlin completed a change of name form with the board and identified herself as Lynn McLaughlin Murray; and (7) on August 10, 2001, McLaughlin completed a change of address form with the board and identified herself as Lynn A. Murray.

{¶ 8} In addition, the transcript of the proceedings conducted before the board on January 17, 2004, with regard to the protest filed by Jerome Emoff, demonstrates that McLaughlin decided to use only her maiden name as a candidate, because of the political advantage that she would gain:

"MS. MURRAY: * * *

"I have used the 'Lynn McLaughlin Murray' name in my professional life. I made a decision to run under 'Lynn Ann McLaughlin' because I felt that at the

time on the—for the judgeship that I was running for, it was a better choice for me.

"But I could have easily chosen to run under Lynn McLaughlin Murray.

"MR. SYNENBERG: Why was it a better choice for you?

"MS. MURRAY: I hate to be political, but in this jurisdiction it makes a difference if you have a 'Mc' name.

"CHAIRMAN COYNE: Did you say a nickname or 'Mc' name?

"MS. MURRAY: Mc. 'McLaughlin' is a little better. It was a close call. And I have to be honest with you, it was like I had to talk to my husband about it like if he was going to be okay with it.

"He knows I use 'Lynn McLaughlin Murray' professionally, on my badge at work. That is how I answer my telephone. That is how I am addressed in court when I open the court, I am on the bench. And that is the name I have held out to the public on all official documents."

{¶ 9} McLaughlin has abandoned the sole use of her maiden name and has employed a variant of Lynn McLaughlin Murray for the purpose of identification since her marriage in 1999. From her own testimony, we can only conclude that McLaughlin has decided to run as a candidate under her maiden name, in order to "avoid an unfavorable result or to secure an advantage" by the use of her maiden name. We are controlled by the principle the Supreme Court enumerated in *Pierce v. Brushart*, supra, which defined such a purpose as precisely what the statute clearly sought to prevent. Thus, we hold that the board did not abuse its discretion in upholding the protest filed by Jerome Emoff.

{¶ 10} Accordingly, we decline to issue the writ of mandamus or an alternative writ of mandamus. In addition, we deny McLaughlin's motion for summary judgment. Costs to McLaughlin. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).

{¶ 11} The writ is denied.

Writ denied.

COLLEEN CONWAY COONEY and DIANE KARPINSKI, JJ., concur.