THE STATE EX REL. MILLER, APPELLANT, *v.* CUYAHOGA
COUNTY BOARD OF ELECTIONS, APPELLEE.

[Cite as *State ex rel. Miller v. Cuyahoga Cty. Bd. of
Elections,* 103 Ohio St.3d 477, 2004-Ohio-5532.]

(No. 2004–1493—Submitted October 15, 2004—Decided October 19, 2004.)

**Per Curiam.**

{¶ 1} Appellant, Scott Miller, is a 37–year–old independent candidate for judge of the Cuyahoga County Court of Common Pleas, General Division. For the first 36 years of his life, Miller was known as "Scott Ronald Miller."

{¶ 2} In 1997, 1998, 1999, 2000, and 2001, Miller ran unsuccessfully for various elective offices under the names of either "Scott Ronald Miller" or "Scott R. Miller." In November 2003, Miller ran unsuccessfully for Cleveland Municipal Court Judge under the name "Scott Miller."

{¶ 3} In January 2004, shortly after his latest election defeat, Miller began publicly holding himself out as "Scott Russo Miller" in an attempt to effect a common-law change of his name. Miller had his Ohio driver's license and his Social Security, voter registration, credit, and business cards changed to reflect his claimed name change, i.e., to make "Russo" his middle name.

{¶ 4} On March 1, 2004, Miller filed a nominating petition and statement of candidacy to become an independent candidate for judge of the Cuyahoga County Court of Common Pleas, General Division for the full term commencing January 11, 2005, at the November 2, 2004 general election. Miller's petition stated that his name was "Scott Russo Miller, formerly Scott Ronald Miller," but in a blank for him to print his name as it should appear on the ballot, he listed only "Scott Russo Miller."

{¶ 5} On April 12, 2004, Kenneth J. Fisher, a qualified Cuyahoga County elector, protested Miller's nominating petition on the basis that Miller's middle name of "Russo" violated applicable legal requirements. Miller submitted a brief and exhibits in opposition to the protest.

{¶ 6} On May 3, 2004, appellee, Cuyahoga County Board of Elections, held a hearing on the protest. At the hearing, Miller claimed that he had changed his middle name to "Russo" because he wanted his name to reflect his Italian

heritage. Miller conceded, however, that Russo was neither his mother's nor his grandmother's maiden name. His mother's maiden name was Spelnak. Miller also claimed that he chose "Russo" because he liked the name.

{¶ 7} "Russo" is the name of the county auditor and five county judges: Cuyahoga County Auditor Frank Russo, Judge Anthony J. Russo of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, Judge Joseph F. Russo of the Cuyahoga County Court of Common Pleas, Juvenile Division, and Judges Joseph D. Russo, Michael J. Russo, and Nancy Margaret Russo of the Cuyahoga County Court of Common Pleas, General Division.

{¶ 8} On May 3, at the conclusion of the hearing, the board of elections voted 3–0 with one abstention to strike Miller's middle name of "Russo" from the ballot and ordered that his name appear as "Scott Miller."

{¶ 9} On July 20, 2004, 78 days after the board's decision, Miller filed an action in the Cuyahoga County Court of Appeals for a writ of mandamus to compel the board of elections to place his full name of "Scott Russo Miller" on the November 2, 2004 election ballot for common pleas court judge without reference to his former name, "Scott Ronald Miller." The parties moved for summary judgment.

{¶ 10} On August 27, 2004, the court of appeals granted the board's motion for summary judgment, denied Miller's motion for summary judgment, and denied the writ.

{¶ 11} On September 8, 2004, Miller appealed from the judgment of the court of appeals to this court and also filed a merit brief. On September 10, the court ordered the clerk of the court of appeals to transmit the record in this case.

{¶ 12} On September 16, 2004, the board of elections moved to dismiss the appeal or strike Miller's merit brief. On the same date, Miller moved for expedited consideration of his appeal. On September 23, 2004, the record was received by this court. On October 1, 2004, we denied the board of elections' motion to dismiss, granted the board of elections' motion to strike Miller's merit brief, and denied Miller's motion for an expedited briefing schedule and decision. *10/1/2004 Case Announcements # 2*, 103 Ohio St.3d 1469, 2004–Ohio–5294, 815 N.E.2d 1122. We further noted that Miller could file a new brief "now that the record has been filed." Id.

{¶ 13} On October 6, 2004, Miller filed a new brief that is virtually identical to his previously stricken brief. Miller also moved to set the due date for the board's merit brief to on or about October 15. On that same date, we granted Miller's motion and stated that the board's merit brief was due on October 15. *10/6/2004 Case Announcements # 2*, 103 Ohio St.3d 1472, 2004–Ohio–5374, 815 N.E.2d 1125. On October 15, the board of elections filed its merit brief. This

cause is now before the court for an expedited consideration of the merits of Miller's appeal.

{¶ 14} Miller asserts that the court of appeals erred in denying the writ of mandamus to compel the board of elections to place his full name of "Scott Russo Miller" on the November 2, 2004 election ballot. " 'We may vacate the decision of a board of elections and grant a writ of mandamus if [the relator] establishes that the board's decision resulted from fraud, corruption, abuse of discretion, or clear disregard of applicable law.' " *State ex rel. Stine v. Brown Cty. Bd. of Elections,* 101 Ohio St.3d 252, 2004–Ohio–771, 804 N.E.2d 415, ¶ 12, quoting *State ex rel. Commt. for Referendum of Lorain Ord. No. 77–01 v. Lorain Cty. Bd. of Elections,* 96 Ohio St.3d 308, 2002–Ohio–4194, 774 N.E.2d 239, ¶ 23. Miller claims that the board's decision should be vacated because all of these grounds exist.

{¶ 15} The court of appeals did not err in finding that Miller had introduced no reliable evidence of fraud or corruption. That court correctly concluded that in resolving the parties' summary-judgment motions, it need not consider a newspaper article filed by Miller in support of his claim. See *State ex rel. Flagner v. Arko* (Feb. 5, 1998), Cuyahoga App. Nos. 72779 and 87263, 1998 WL 45342, * 3 (newspaper article "cannot be accepted as [summary-judgment] evidence; it is 'hearsay of the remotest character,' " quoting *Heyman v. Bellevue* [1951], 91 Ohio App. 321, 326, 48 O.O. 404, 108 N.E.2d 161), affirmed (1998), 83 Ohio St.3d 176, 177, 699 N.E.2d 62 (" '[a] newspaper article alone is not evidence of operative facts which might support a Civ.R. 60[B] motion,' " quoting *Salem v. Salem* [1988], 61 Ohio App.3d 243, 246, 572 N.E.2d 726).

{¶ 16} Moreover, the court of appeals correctly held that the board of elections neither abused its discretion nor clearly disregarded applicable law by striking Miller's claimed new middle name of "Russo" from the election ballot. " 'An abuse of discretion connotes an unreasonable, arbitrary, or unconscionable attitude.' " *State ex rel. Hamilton Cty. Bd. of Commrs. v. State Emp. Relations Bd.,* 102 Ohio St.3d 344, 2004–Ohio–3122, 810 N.E.2d 949, ¶ 17, quoting *State ex rel. Grady v. State Emp. Relations Bd.* (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343.

{¶ 17} Miller claimed that he had effected his name change pursuant to common law. But "at common law a person can change his name at will [only] *if there is no intent to deceive or defraud.*" (Emphasis added.) *State ex rel. Morrison v. Franklin Cty. Bd. of Elections* (1980), 63 Ohio St.2d 336, 337, 17 O.O.3d 420, 410 N.E.2d 764; see, also, *In re Hall* (1999), 135 Ohio App.3d 1, 6, 732 N.E.2d 1004; *State ex rel. Krupa v. Green* (1961), 114 Ohio App. 497, 501, 19 O.O.2d 341, 177 N.E.2d 616.

{¶ 18} Similarly, in election cases, the guiding principle is that "candidates shall be prevented from changing their names 'to another to avoid an unfavorable result in the use of the abandoned name or to secure advantage by the use of [such other] name.'" *McLaughlin v. Cuyahoga Cty. Bd. of Elections*, 156 Ohio App.3d 98, 2004-Ohio-492, 804 N.E.2d 1004, ¶ 7, quoting *Pierce v. Brushart* (1950), 153 Ohio St. 372, 381, 41 O.O. 398, 92 N.E.2d 4.

{¶ 19} The evidence introduced before the board of elections established that Miller ran unsuccessfully six times using the names "Scott Ronald Miller," "Scott R. Miller," and "Scott Miller." Two months after he lost his last election in November 2003, he claimed to have changed his name to "Scott Russo Miller" and two months thereafter, he submitted his nominating petition for the November 2, 2004 election under that name. "Russo" is the name of several Cuyahoga County judges and the Cuyahoga County auditor. Based on this evidence, the board could reasonably infer that Miller intended to deceive Cuyahoga County voters by designating his middle name as "Russo" and that he also intended to avoid the same unfavorable result that had occurred six previous times when he had used some variation of his prior name. Given these facts, the board of elections acted appropriately in striking his claimed middle name of "Russo" from the election ballot.

{¶ 20} Therefore, because Miller failed to establish that the board's decision resulted from fraud or corruption or that the board abused its discretion or clearly disregarded applicable law in striking his claimed middle name of "Russo" from the ballot and ordering that his name appear as "Scott Miller," he was not entitled to the requested extraordinary relief in mandamus.

{¶ 21} Finally, laches bars Miller's claim. "Relators in election cases must exercise the utmost diligence." *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7. "If relators do not act with the required promptness, laches may bar the action for extraordinary relief in an election-related matter." *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 12. Miller failed to act with the required diligence by waiting 78 days to challenge the decision of the board of elections, another 12 days to appeal from the court of appeals judgment, an additional 8 days to first move for an expedited briefing schedule, and 5 more days after the court's October 1 entry to file his brief on appeal and move the court to set a date for the board to file its brief. The statutory deadline to have absentee ballots printed and ready for use has now passed. R.C. 3509.01. See *Campaign to Elect Larry Carver Sheriff v. Campaign to Elect Anthony Stankiewicz Sheriff*, 101 Ohio St.3d 256, 2004-Ohio-812, 804 N.E.2d 419, ¶ 15.

{¶ 22} Based on the foregoing, the court of appeals properly denied the writ. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

PFEIFER, J., concurs separately.

O'DONNELL, J., concurs in judgment only.

_____

**PFEIFER, J., concurring.**

{¶ 23} I concur with the judgment of the majority that Miller failed to establish that the board's decision resulted from fraud or corruption or that the board abused its discretion or clearly disregarded applicable law in striking his claimed middle name of "Russo" from the ballot.

{¶ 24} The majority's discussion of laches is superfluous and deflects the spotlight from the true issue in this case, the relator's outrageous behavior. Miller's attempted name change was an affront to the bar and to the electorate. I would award attorney fees to respondent.

_____

Scott Miller, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Reno J. Oradini Jr., Assistant Prosecuting Attorney, for appellee.